IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AVA FLOYD | * | |
| Plaintiff, | * | |
| v. | * | Civil No. **PJM 14-1749** |
| WASHINGTON SUBURBAN SANITARY COMMISSION | * | |
| Defendant. | * | |

| | | |
|---|---|---|
| AVA FLOYD | * | |
| Plaintiff, | * | |
| v. | * | Civil No. **PJM 14-1751** |
| WASHINGTON SUBURBAN SANITARY COMMISSION, *et. al.* | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

In Civil No. PJM 14-1749 ("Complaint I"), Ava Floyd sued the Washington Suburban Sanitary Commission ("WSSC") in the Circuit Court for Prince George's County for discrimination on the basis of race, sex, and national origin after she did not receive an interview for an internal promotion. Floyd alleges that WSSC's application sheet improperly requested her to list her race, sex, and national origin, and that this information could lead to bias and discrimination in the evaluation process. Further, she says, a WSSC hiring manager had the power to arbitrarily decide whether or not to interview a candidate, regardless of that candidate's score on WSSC's qualifications/Required Knowledge, Skills and Abilities & Essential Functions and Preferences test.

1

In Civil No. PJM 14-1751 ("Complaint II"), Floyd sued WSSC and one of its employees, General Manager Jerry N. Johnson, again in the Circuit Court for Prince George's County, alleging retaliation and wrongful termination as a result of her filing complaints with the Equal Employment Opportunity Commission ("EEOC"). Floyd re-alleges many of the same facts from No. 14-1749 regarding WSSC's alleged biases in its hiring practices.

On May 30, 2014, WSSC removed both cases to this Court. On June 4, 2014, Floyd filed Motions to Remand to State Court in both cases. Because of the close relationship between the two Complaints and the respective motions, the Court will address both in this Opinion without for the present formally consolidating the cases. For the reasons set forth below, Floyd's Motion to Remand to State Court in No. 14-1749 (Paper No. 8) and her Motion to Remand to State Court in No. 14-1751 (Paper No. 10) are **DENIED**.

I.

A defendant may not remove a case from state to federal court unless the plaintiff's complaint shows the issues " . . . aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. *See, e.g., Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Indeed, because the plaintiff is the "master of the complaint," a district court should not infer a federal question from a state law complaint even if the facts pleaded are sufficient to sustain a federal claim that was not pleaded. *Box Tree South, Ltd. v. Bitterman*, 873 F. Supp. 833, 837 (S.D.N.Y. 1995). Moreover, a plaintiff may not skirt federal jurisdiction by simply omitting allegations of federal law central to his or her complaint. *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1040 (9th Cir. 2003).

Floyd explicitly alleges Title VII violations in both her Complaints. *See* Compl. ¶ 1, *Floyd v. WSSC*, No. 14-1749-PJM (D. Md. 2014) (Paper No. 2) (Floyd is " . . . filing this Equal Employment Opportunity Complaint against the Washington Suburban Sanitary Commission

2

(WSSC) for violation of Title VII due to non-compliance to [sic] WSSC Equal Employment Opportunity and Employee Rights Policies resulting in discrimination, unlawful employment practices, race, sex and national origin based employment discrimination in violation of Prince George's County Code ("PGCC") § 2-222, Title VII and 42 U.S.C. § 2000E-2."); *see also id.* at 8 ("Violation of Title VII due to Non-Compliance to WSSC EEO and Employee Rights Policies Resulting in Discrimination"); *id.* at 10 (praying for $1,500,000 in punitive damages for the Title VII); Amended Compl. at 1, *Floyd v. WSSC,* et. al., No. 14-1751-PJM (D. Md. 2014) (Paper No. 4) ("Ava Floyd . . . files this Equal Employment Opportunity Complaint [WSSC] for retaliation and wrongful termination . . . in violation of Prince George's County Code ("PGCC") § 2-222, Title VII and 42 U.S.C. § 2000E-2.").

Title VII is a federal law that ensures an employer may not " . . . fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or . . . limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1)-(2). Title VII also prohibits retaliation done in response to an individual exercising her rights under the statute. 42 U.S.C. § 2000e-3.

## II.

In her Motion to Remand Complaint I, Floyd argues that a mere reference to a federal statute in a complaint is not sufficient to establish federal question jurisdiction.[1] Pl.'s Mot. to

---

[1] In her Motion to Remand Complaint II, Floyd argues in support of her motion only that venue is proper in the Circuit Court for Prince George's County. Mot. for Remand to State Court at 2, *Floyd v. WSSC,* et. al., No. 14-1751

3

Remand at 2, *Floyd v. WSSC*, No. 14-1749-PJM (D. Md. 2014) (Paper No. 8). In support, she cites to various federal decisions. *See Merrell Dow Pharm., Inc. v. Thompson.* 478 U.S. 804 (1986); *Rains v. Criterion Sys. Inc.*, 80 F.3d 339, 343 (9th Cir. 1996); *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1035 (9th Cir. 2003). These cases are inapt.

In *Rains*, the plaintiff similarly cited Title VII at the outset of the complaint. 80 F.3d at 343. But the actual causes of action in that complaint all sounded in state law, and throughout the litigation the parties and the district court treated the plaintiffs' claims as state causes of action. *See id.* The causes of action included wrongful termination in violation of public policy and intentional interference with contractual relations. In order to prevail on claims for wrongful termination against public policy and intentional interference with contractual relations in California, the plaintiff used Title VII to establish a basis for public policy against religious discrimination during employment. *Id.* The Ninth Circuit concluded that plaintiff's use of Title VII as a source to support the state law claims did not make those claims into federal causes of action. *Id.* at 344.

In *Merrell Dow Pharm., Inc.*, plaintiffs sought damages on various state common-law theories. 478 U.S. at 806. The plaintiffs argued that a 'misbranding' of defendant's drug in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA") represented a 'rebuttable presumption' of negligence and 'proximate cause of injuries.' *Id.* The Supreme Court held that a violation of a federal statute as an element of a state cause of action does not confer federal question jurisdiction when Congress has determined there should be no private, federal cause of action under the FDCA. *See* 478 U.S. at 806.

---

(D. Md. 2014) (Paper No. 10). The Court will therefore treat her arguments in the Motion to Remand Complaint I as applicable to the Motion to Remand Complaint II.

4

Finally, in *Lippit*, a plaintiff sued under California's Unfair Competition Law ("UCL") in state court for misleading and deceptive practices associated with the sale of certificates of deposit. In his complaint, the plaintiff described the alleged conduct of the defendants in terms that tracked almost verbatim the misdeeds proscribed by Securities and Exchange Act ("SEA") and New York Stock Exchange ("NYSE") rules. *Lippit*, 340 F.3d at 1037. The court in *Lippitt* held that because violations of the SEA or NYSE rules were unnecessary to prove violations of California's Uniform Competition law, and because the plaintiff made no effort to enforce either the SEA or the NYSE rules, there was no federal question jurisdiction. *Id.* at 1043. The state court had no need to inquire into stock exchange regulations or refer to federal law since the sales and marketing practices arose from a specific state statute and in no manner arose from any stock exchange regulation. *Id.* at 1045.

The Court rejects Floyd's arguments. These Complaints do more than merely reference Title VII. The basis of Complaint I is allegations that WSSC discriminated on the basis of race, sex, and national origin. Similarly, Complaint II, which seems to flow from the same set of operative facts, alleges that WSSC retaliated against her for filing EEOC complaints in connection with WSSC's hiring practices. Throughout, Floyd's causes of action sound in Title VII. The fact that these allegations may also violate WSSC's internal procedures and a Maryland county code does not change the tenor of Floyd's Complaints. Unlike the cases Floyd cites, she does not reference Title VII merely to support state law claims. Rather, Title VII stands as an independent cause of action. *See* Compl. I, at 8–10; Compl. II at 3. None of the cases Floyd cites support her assertion that remand is proper here. Thus, Floyd's Title VII claims confer federal question jurisdiction on this Court.

For the foregoing reasons, Floyd's Motion to Remand to State Court in No. 14-1749 (Paper No. 8) and her Motion to Remand to State Court in No. 14-1751 (Paper No. 10) are **DENIED**.

A separate order will issue in No. 14-1749 and in No. 14-1751.

January 21, 2015

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

\_\_\_\_ FILED   \_\_\_\_ ENTERED
\_\_\_\_ LOGGED   \_\_\_\_ RECEIVED

JAN 2 2 2015

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                              DEPUTY